SHALINI DOGRA, SBN 309024
shalini@dogralawgroup.com
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorneys for Named Plaintiff KIMBERLY AUSSIEKER and Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY AUSSIEKER, an Individual; | Case No: |
| Plaintiff, | **PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | 1. COMMON LAW FRAUD |
| GENERAL MOTORS, CO. a Michigan Corporation; and DOES 1 through 50, Inclusive, | 2. INTENTIONAL MISPRESENTATION |
| Defendants. | 3. NEGLIGENT MISREPRESENTATION |
| | 4. UNJUST ENRICHMENT |
| | 5. CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE §§ 1750, *et seq.* |
| | 6. VIOLATION OF THE FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* |
| | 7. VIOLATION OF THE UNFAIR COMPETITION LAW ("UCL"), CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 *et seq.* |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Kimberly Aussieker, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against General Motors Company. ("Defendant GMC") and Does 1 through 50. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

**NATURE OF THE ACTION**

1.      This is a consumer class action that arises out of Defendant GMC's deceptive advertising and marketing of its "2023 GMC Yukon" automobile ("the Product").

2.      Defendant GMC has made, and continues to make false, deceptive and misleading claims and promises to consumers about the price and value of the Product in a pervasive, statewide and nationwide marketing scheme that falsely touts the benefits of the Product. The Product does not live up to the advertising claims made by Defendant GMC on various fronts, including the fact that the Product does not include its marketed features and regularly lacks automobile parts that are labeled as standard. Further perpetuating its unlawful actions and bait-and-switch games, Defendant GMC falsely inflates the price of the Product on purpose and then uses that very self-serving fabricated valuation as the basis for financing. Consequently, when consumers opt to purchase the Product on a financing or payment plan from Defendant GMC, they are forced into taking on loans for an amount that is higher than the actual value of the Product. As a result, Defendant GMC reaps ill-gotten gains at the expense of class members at both the point of purchase, as well as when each class member makes a loan payment.

3.      Based on the fact that Defendants' advertising misled Plaintiff and all others like her, Plaintiff brings this class against Defendants to seek reimbursement of the premium she and the Class Members paid due to Defendants' false and deceptive representations about the features and price of the Product.

4.      Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product statewide in California for common law fraud, intentional and

negligent misrepresentation, and unjust enrichment. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product in California for violation of the California Bus. & Prof. Code §§17500, *et seq*., California's False Advertising Law ("FAL"), and Bus. & Prof. Code §§17200, *et seq*., California's Unfair Competition Law ("UCL").

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and, at least one class member is a citizen of a state different from Defendants. Additionally, more than two-thirds of the members of the class reside in states other than those in which Defendants are citizens and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

6.     The Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. P. § 410.10, as a result of Defendants' substantial, continuous and systematic contacts with the State, and because Defendants have purposely availed themselves to the benefits and privileges of conducting business activities within the  State.

7.     Pursuant to 28 U.S.C. §1391, this Court is the proper venue for this action because a substantial part of the events, omissions and acts giving rise to the claims herein occurred in this District. Moreover, Defendants distributed, advertised and sold the Product, which is the subject of the present Complaint, in this District.

## PARTIES

8.     Plaintiff is a resident of California, and lives within the Northern District of California.

9.     Defendant GMC is a corporation headquartered in the State of Michigan, with a principal place of business located at 300 Renaissance Center, Detroit, Michigan, 48265. Defendant GMC manufactures, mass markets, and distributes the Product throughout California and the United States. Likewise, Defendant GMC controls and

oversees the advertising, marketing and financing protocol for the Product on a California-wide and nationwide basis.

10.    Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

11.    Plaintiff reserves her right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.    By way of the Product's uniform marketing, Defendant GMC misrepresents the "standard equipment" of the Product. Additionally, the Product's labeling falsely reflects which features are "options," whereby consumers are deceived about which services are optional add-ons. Specifically, each display sticker of the Product explicitly identifies and lists Defendant GMC's OnStar™ technology ("OnStar") as an optional feature. However, in reality, OnStar is not optional at all. Instead, as evidenced by Plaintiff's experience, OnStar is a mandatory service that Defendant GMC forces individuals to purchase for the Product. In September 2022, Plaintiff purchased a unit of the Product. When she was buying the car, she expressly told the salesperson that she did not want the OnStar feature added on to her car. Yet, the salesperson notified her that even though OnStar was listed as an option on the Product's labeling, she actually had to purchase the service for three years, at the expense of $500.00 per year. As demonstrated by statements and admissions that Defendant GMC itself has publicly disseminated[1], Plaintiff's experience is not unique.  On the contrary, Defendant GMC adheres to a systematic practice of falsely advertising OnStar as an "option" to all buyers

---

[1] *www.cnn.com/2022/08/10/business/gm-onstar-mandatory* (last visited Dec. 9, 2022).

CLASS ACTION COMPLAINT

of the Product and deliberately relies on this deceptive marketing strategy to generate substantial revenue[2].

13.     Exacerbating its unlawful advertising strategies for the Product, while on one hand coercing consumers to pay for optional features, Defendant GMC simultaneously fails to provide the benefits that are marketed as "standard equipment." When individuals purchase a unit of the Product, the automobile consistently lacks "standard" features.

14.     Even assuming *in arguendo* that Defendant GMC is truly facing a supply shortage hurdle and lacks accessibility to the Product's "standard" equipment, Defendant GMC still bears liability to Plaintiff and Class Members here because Defendant GBC has a wholly inadequate solution to the alleged supply chain dilemma. When a consumer buys a unit of the Product, if the automobile is missing any "standard" equipment, Defendant GMC offers a partial discount. Critically, this discount is nominal, and a fraction of the "manufacturer's suggest retail price" (MSRP) that Defendant GMC itself assigns to the missing equipment. For example, in Plaintiff's situation, the unit of the Product she purchased lacked two seat heaters. Defendant GMC provided her with a $25.00 *total* price reduction for these two missing seat heaters. Yet, if an individual sought to purchase the missing seat heaters separately, Defendant GMC would charge him/her exponentially more than $25.00. That is, Defendant GMC knowingly fails to provide consumers with a sufficient refund or remedial measure. Further evidence of Defendant GMC's slanted manipulation of MSRPs includes the fact that when Plaintiff requested a lesser-cost set of wheels for the Product, Defendant GMC still charged her for the premium size.

15.     Even if Defendant GMC notified Plaintiff and Class Members about the price of the Product before they agreed to buy the car, Defendant GMC has still violated the causes of action alleged herein exposure for various reasons, including factors such as the timing of when Defendant GMC discloses the reality about missing "standard"

---

[2] *Id.*

1   features and mandatory "options", as well as the unique pressures and time investment

2   associated with the car-buying process. Indeed, California's appellate courts have

3   repeatedly affirmed that defendants cannot simply avert responsibility by telling

4   consumers the true cost of a good or service right before the point of purchase. *Veera v.*

5   *Banana. Republic, LLC* (2016) 6 Cal. App. 5th 907; see also *Medroza v. Honda of North*

6   *Hollywood* (2012) 205 Cal. App. 4th 1 [140 Cal. Rptr. 3d 20].

7       16.   In addition to mispresenting the features of the Product, Defendant GMC

8   also violates various California consumer protection laws, including the CLRA and

9   UCL, by engaging in unlawful financing practices. When Defendant GMC provides

10  loans to consumers who purchase a unit of the Product, it bases the principal loan amount

11  on the value of the Product as if the automobile has all the standard components. That is,

12  even when Defendant GMC knows the Product is missing standard equipment, it still

13  calculates the loan on the supposition that the Product contains the equipment.

14  Defendant GMC further pads the base loan amount by forcing consumers to buy OnStar,

15  whereby an additional $1500.00 is tacked onto the base loan. By deceptively increasing

16  the principal amount, Defendant GMC incrementally profits from higher interest

17  payments. Notably, the Federal Trade Commission has an established history of holding

18  automobile manufacturers and dealers liable for these very types of deceptive financing

19  tactics. *https://www.ftc.gov/news- events/news/press-releases/2022/04/ftc-takes-action-*

20  *against-multistate-auto- dealer-napleton-sneaking-illegal-junk-fees-bills (*last visited

21  Dec.9, 2022).

22      17.   Further evidence of Defendant GMC's habitual pattern of false advertising

23  of the Product, as well as its willingness to take advantage of healthcare workers includes

24  Defendant GMC's healthcare workers rebate system. Defendant GMC pervasively

25  advertises a special $500.00 discount for healthcare workers. To obtain the discount,

26  Defendant GMC requires individuals to provide certain confidential information online,

27  including personal data such as photographs of hospital ID badges. After a person goes

28  through all steps to verify that s/he is a healthcare worker, Defendant GMC's website

provides him/her with a discount code to use at the time of purchasing the Product. Yet, as shown by Plaintiff's circumstances, the discount code does not actually work or proffer any benefit. Thus, even though Defendant GMC tells individuals they qualify to apply the $500.00 healthcare worker discount to the Product, in reality Defendant GMC has no intention of actually providing any such rebate to healthcare workers.

18.   Plaintiff purchased a unit of the Product in California from Defendant GMC in September 2022. Plaintiff bought her unit of the Product from Defendant GMC's Bakersfield-based "Motor City" dealership, which touts itself as California's top seller of the Product.  Plaintiff would not have purchased it if she had known about the Product's marketing scheme, as described herein was false, misleading, and deceptive. In reliance on Defendant GMC's dishonest and deceptive advertising practices of the Product, Plaintiff and similarly situated class members bought automobiles and car features they otherwise would not have purchased. Defendant GMC has no reasonable basis for labeling, advertising, and marketing the Product in the deceptive manner identified herein. As a result, consumers are consistently misled into purchasing the Product, and also tricked into paying unjustified higher prices to Defendant GMC.

19.   As a direct and proximate result of Defendant GMC's violation of the CLRA, Plaintiff and the Class purchased units of the Product they otherwise would not have purchased and were tricked into paying a higher price. Therefore, they are entitled to restitution of monies to be determined at trial. Moreover, Defendant GMC continues to engage in its deceptive practices and is still furthering a misleading marketing scheme for the Product. Hence, the putative class continues to enter into transactions and expend money in reliance upon the uniformly false and misleading claims of the Product, as well as other advertising of the Product.

## RULE 9(B) ALLEGATIONS

20.   Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To the extent necessary, as detailed in the paragraphs

above and below, Plaintiff has satisfied the requirement of Rule 9(b) by establishing the following elements with sufficient particularity:

21. <u>WHO</u>: Defendants made material misrepresentations and omissions of fact in the labelling, and marketing of the Product.

22. <u>WHAT</u>: Defendants made material misrepresentations and omissions of fact by labelling and marketing the Product as having features that the Product did not have, as well as misrepresenting mandatory features as optional. Defendants' misrepresentations and omissions were material because a reasonable consumer would not have purchased or paid as much for the Product if he or she knew that they contained false representations.

23. <u>WHEN</u>: Defendants made the material misrepresentations and omissions detailed herein continuously throughout the Class Period.

24. <u>WHERE</u>: Defendants' material misrepresentations and omissions were made, *inter alia*, on the labelling of the Product, on Defendants' website, and throughout Defendants' various other marketing and advertising scheme for the Product.

25. <u>HOW</u>: Defendants made written misrepresentations and failed to disclose material facts on the labelling and marketing of the Product and on their website and other advertising.

26. <u>WHY</u>: Defendants engaged in the material misrepresentations and omissions detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for the Product based on the belief that it was legitimately financed, that the OnStar feature was optional, and/or that the healthcare worker rebate applied. Defendants profited by selling the Product to millions of unsuspecting consumers statewide in California, as well as nationwide.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this class action on behalf of herself individually and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3). Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of herself

individually and all others similarly situated statewide in California. Plaintiff seeks to represent a class a comprised of all persons in California who, on or after October 17, 2018, in California, (the "Class Period") purchased the Product for household use and not for resale or distribution.

28.    The proposed class consists of all consumers who purchased the Product in the State of California for personal use and not for resale, during the time period Oct. 17, 2018, through the present. Excluded from the Class are Defendants, their affiliates, employees, officers and directors, any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

29.    This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.

(b) Plaintiff stands on equal footing with and can fairly and adequately protect the interests of all members of the proposed class. All units of the Product bear Defendant GMC's false advertising labels and the deceptive marketing occurs on the units of Product themselves. Thus, every individual consumer who purchases the Product is exposed to the false advertising. Defendant GMC has, or has access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Further, the class definition itself describes a set of common characteristics sufficient to allow a prospective plaintiff or class member to identify himself or herself as having a right to recover based on the description.

(c) Plaintiff will fairly and adequately represent and protect the interests of the class,

has no interest incompatible with the interests of the class, and has retained counsel competent and experienced in class actions, consumer protection, and false advertising litigation, including within the context of food and the food industry. Plaintiff's attorneys have the experience, knowledge, and resources to adequately and properly represent the interests of the proposed class. Plaintiff will have no interests antagonistic to those of other proposed class members, and she has retained attorneys experienced in consumer class actions and complex litigation as counsel.;

(d) Class treatment is superior to other options for resolution of the controversy because the relief sought for each class member is so small, that, absent representative litigation, it would be infeasible for class members to redress the wrongs done to them. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and thus establish incompatible standards of conduct for the party or parties opposing the class. Further, individual cases would be so numerous as to inefficiently exhaust judicial resources. Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.;

(e) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members.  Such questions of law and fact common to Plaintiff and the class include, without limitation:

   i.  Whether Defendants were unjustly enriched by their conduct;

   ii.  Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations;

   iii.  Whether, as a result of Defendants' misconduct as alleged herein, Plaintiff and the Class Members are entitled to restitution,

injunctive relieve and/or monetary relief, and if so, the amount and
natural of such relief;

    iv.  Whether Defendants made any statement they knew or should have
known were false or misleading;

    v.  Whether Defendants maintained a longstanding marketing policy,
practice and strategy of labeling, advertising and selling the Product
with the misrepresentations about the Product's standard and
optional features.

    vi.  Whether the utility of Defendants' practices, if any, outweighed the
gravity of the harm  to their victims;

    vii.  Whether Defendants' conduct violated public policy, included as
declared by specific constitutional, statutory, or regulatory
provisions;

    viii.  Whether Defendants' conduct or any of their practices violated the
California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500
*et seq.,* the California Consumers Legal Remedies Act, Cal. Civ.
Code §§ 1750 *et seq.,* California's Vehicular Codes, or any other
regulation, statute or law;

    ix.  The proper equitable and injunctive relief;

    x.  The proper amount of restitution or disgorgement;

    xi.  The proper amount of reasonable litigation expenses and attorneys'
fees;

(f) Plaintiff's claims are typical of the claims of the members of the proposed class.
Plaintiff and all class members have been injured by the same practices of
Defendants.  Plaintiff's claims arise from the same practices and conduct that
give rise to the claims of all class members and are based on the same legal
theories. Plaintiff's claims are typical of class members' claims, as they are based
on the same underlying facts, events and circumstances relating to Defendants'

1    conduct.;

2    (g) As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P.

3        23(a), (b)(1), (b)(2) and (b)(3), and may be appropriate for certification "with

4        respect to particular issues" under Rule 23(b)(4).

5                              **FIRST CAUSE OF ACTION**

6                                **Common Law Fraud**

7    30.    Plaintiff re-alleges and incorporates by reference the allegations contained

8    in the paragraphs above as if fully set forth herein.

9    31.    Plaintiff brings this claim individually and on behalf of the members of her

10   proposed Class.

11   32.    As discussed above, Defendants provided Plaintiff and the Class Members

12   with false or misleading material information and failed to disclose material facts about

13   the Product, including but not limited to the fact that the Product's optional features were

14   actually mandatory services and parts that had to be bought.

15   33.    The misrepresentations and omissions made by Defendants, upon which

16   Plaintiff the Class Members reasonably and justifiably relied, were intended to induce

17   and actually induced Plaintiff and Class Members to purchase the Product.

18   34.    The fraudulent actions of Defendants caused damage to Plaintiff and Class

19   Members, who are entitled to damages and other legal and equitable relief as a result.

20                             **SECOND CAUSE OF ACTION**

21                            **Intentional Misrepresentation**

22   35.    Plaintiff re-alleges and incorporates herein by reference each and every

23   allegation set forth above.

24   36.    Plaintiff brings this claim individually and on behalf of the members of her

25   proposed Class.

26   37.    Defendants represented to Plaintiff and other class members that important

27   facts were true. More specifically, Defendants represented to Plaintiff and the other class

28   members through their advertising and labelling scheme for the Product, including

misrepresentations about the Product's standard features, the Product's optional features, as well as applicable healthcare worker rebates.

38.   Defendants' representations were false. Defendants knew that the misrepresentations were false when they made them, or Defendants made the representations recklessly and without regard for their truth. Defendants intended that Plaintiff and other class members rely on the representations.

39.   Plaintiff and the other class members reasonably relied on Defendants' representations.

40.   Plaintiff and the other class members were financially harmed and suffered other damages, including but not limited to, emotional distress. Defendants' misrepresentations and/or nondisclosure were the immediate cause of Plaintiff and the other class members purchasing the Product. Plaintiff's and the other class members' reliance on Defendants' representations was the immediate cause of the financial loss and emotional distress (of the type that would naturally result from being tricked into a taking on a higher car loan amount and forced to make payments for missing automobile features) sustained by Plaintiff and the other class members.

41.   In absence of Defendants' misrepresentations and/or nondisclosure, as described above, Plaintiff and the other class members, in all reasonable probability, would not have purchased the Product.

### THIRD CAUSE OF ACTION

**Negligent Misrepresentation**

42.   Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

43.   Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

44.   As discussed above, Defendants systematically marketed misrepresentations about the Product's automobile standard and optional features. Likewise, Defendants failed to disclose that features marketed as optional were actually mandatory parts and

1   services that consumers had to buy for the Product. Defendants had a duty to disclose

2   this information.

3       45.   At the time Defendants made these misrepresentations, Defendants knew or

4   should have known that these misrepresentations were false or made them without

5   knowledge of their truth or veracity.

6       46.   At an absolute minimum, Defendants negligently misrepresented or

7   negligently omitted material facts about the Product. The negligent misrepresentations

8   and omissions made by Defendants, upon which Plaintiff and Class Members reasonably

9   and justifiably relied, were intended to induce and actually induced Plaintiff and Class

10   Members to purchase the Product. Plaintiff and Class Members would not have bought

11   the Product if they had known the true facts.

12       47.   The negligent actions of Defendants caused damage to Plaintiff and Class

13   Members, who are entitled to damages and other legal and equitable relief as a result.

14                          **FOURTH CAUSE OF ACTION**

15                              **Unjust Enrichment**

16       48.   Plaintiff re-alleges and incorporates by reference the allegations contained

17   in the paragraphs above as if fully set forth herein.

18       49.   Plaintiff brings this claim individually and on behalf of the proposed Class

19   against Defendants.

20       50.   Plaintiff and Class Members conferred benefit on Defendants by purchasing

21   the Product.

22       51.   Defendants have been unjustly enriched in retaining the revenues derived

23   from Plaintiff's and Class Members' purchases of the Product. Retention of those

24   moneys under these circumstances is unjust and inequitable because the Product is

25   falsely advertised and unlawfully financed.  Defendants' false advertising and deceptive

26   advertising marketing for the Product, as well as Defendants' financing tactics for the

27   Product, resulted in purchasers being denied the full benefit of their purchase.

28

1
2
3
4

52.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

5
6

**FIFTH CAUSE OF ACTION**

**Violation of Cal. Civ. Code §§1750, *et seq*.**

7
8

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

9
10
11
12
13

54.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

14
15
16
17

55.     The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

18

56.     Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

19
20

57.     Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

21
22

58.     The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

23
24

59.     Plaintiff and the putative Class Members' purchases of the Product within the Class Period constitute "transactions" under the CLRA. Cal. Civ. Code §1761 (e).

25
26

60.     Defendants' actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

27
28

61.   Defendants' failure to label the Product in accordance with California labeling requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

62.   Defendants' actions have violated at least seven provisions of the CLRA, including §§ 1770 (a)(2), 1770(a)(3),1770(a)(5), 1770(a)(6), 1770(a)(7), 1770 (a)(9), 1770(a)(10), 1770(a)(13), 1770(a)(14), 1770(a)(15), 1770(a)(16), 1770(a)(17), 1770(a)(18), 1770(19) and 1770(a)(20),

63.   As a result of Defendants' violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully labeled and marketed Product, which they would not have paid had the Product been labeled and marketed correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

64.   Pursuant to § 1782 of the CLRA Plaintiff notified Defendants in writing of the particular violations of § 1770 of the CLRA, and demanded Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On or about October 18, 2022, Plaintiff sent Defendants a notice and demand letter, notifying Defendants of their violations of the CLRA and demanding that within 30 days, Defendants remedy the unlawful, unfair, false, and/or deceptive practices complained of herein. Plaintiff advised Defendants that if they refused the demand, Plaintiff would seek monetary damages for herself and all others similarly situated, as well as injunctive relief, restitution, and any other relief the Court may deem just and proper. Defendants have failed to comply with the letter. Consequently, pursuant to California Civil Code §1782, Plaintiff, on behalf of herself and all other members of the Class, seeks compensatory damages and restitution of any ill-gotten gains due to Defendants' acts and practices that violate the CLRA.

65.   Defendants have failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected

consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violations of the Act.

66.    In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770.

67.    Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17500, *et seq*.

68.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

69.    Defendants engaged in unfair and deceptive acts and practices, in violation of the California Business and Professions Code § 17500 *et seq*., by marketing and/or selling the Product without disclosure of material fact about the Product. These acts and practices, as described above, have deceived Plaintiff and other class members, causing them to lose money as herein alleged and have deceived and are likely to deceive the consuming public, in violation of those sections. Accordingly, Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

70.    As detailed above, Defendants had a duty to disclose the Product's standard and optional car features and pricing accurately because this information reflected material facts of which Defendants had exclusive knowledge. Defendants actively concealed these material facts and Defendants made partial representations about the Product but suppressed some material facts. Defendants' misrepresentation and/or nondisclosure of the material fact was the immediate cause of Plaintiff and the other class members purchasing the Product. In the absence of Defendants' misrepresentation and/or nondisclosure of facts, as described above, Plaintiff and other class members would not

have purchased the Product.

71.    Plaintiff and the other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

72.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

73.    Plaintiff seeks to represent a Class consisting of "All persons who purchased the Product in the State of California for personal use and not for resale during the time period October 18. 2018, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

74.    The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice."  Cal. Bus & Prof. Code § 17200.

### A.    "Unfair" Prong

75.    Pursuant to California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid," *or* "the utility of the defendant's conduct is outweighed by the gravity of the harm to the alleged victim."

76.    Defendants' actions of engaging in false and deceptive advertising, marketing, labeling, and of the Product do not confer any benefit to consumers.

77.    Defendants' actions of advertising, marketing, labeling, and the Product in a false, deceptive and misleading manner cause injuries to consumers because the consumers do not receive an automobile commensurate with their reasonable

1  expectation.

2      78.   Defendants' actions of advertising, marketing, labeling, and the Product in

3  a false, deceptive and misleading manner cause injuries to consumers because the

4  consumers do not receive the benefits they reasonably expect from the Product.

5      79.   Defendants' actions of advertising, marketing, and labeling the Product in a

6  false, deceptive and misleading manner cause injuries to consumers because the

7  consumers end up purchasing a car that was of a lower quality than what they reasonably

8  were expecting and sought and also ended up involuntarily incurring a falsely inflated

9  loan.

10     80.   Defendants' actions of advertising, marketing, and labeling the Product in a

11 false, deceptive and misleading manner cause injuries to consumers because the

12 consumers end up overpaying for the Product and receiving a car that is less than what

13 they expected to receive.

14     81.   Consumers cannot avoid any of the injuries caused by Defendants' false,

15 misleading and deceptive labeling, advertising, and marketing of the Product.

16     82.   Accordingly, the injuries caused by Defendants' activity of advertising,

17 marketing, and labeling the Product in a false, deceptive and misleading manner

18 outweigh any benefits.

19     83.   Here, Defendants' conduct of advertising, labeling and marketing the

20 Product in a false, deceptive, and misleading manner has no utility and financially harms

21 purchasers.  Thus, the utility of Defendants' conduct is vastly outweighed by the gravity

22 of harm.

23     84.   Defendants' labeling, marketing, and advertising of the Product, as alleged

24 in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and

25 constitutes unfair conduct.

26     85.   Defendants knew or should have known of their unfair conduct.

27     86.   As alleged in the preceding paragraphs, the misrepresentations by

28 Defendants detailed above constitute an unfair business practice within the meaning of

California Business and Professions Code § 17200.

87.   There were reasonable available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have marketed, labeled, and advertised the Product truthfully, without any dishonest claims about the Product's features and price.

88.   All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

89.   Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of advertising, labeling and marketing the Product in an untruthful manner.  Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

90.   As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Defendants' violation of the unfair prong of the UCL because Plaintiff and the Class would not have bought the Product if they had known the truth regarding the Product's standard and optional features, and price. Plaintiff and the Class paid an increased price due to the misrepresentations about the Product and the Product did not have the promised quality, effective, or value.

///

### B.   "Fraudulent" Prong

91.    California Business and Professions Code § 17200, *et seq.,* considers conduct fraudulent and therefore prohibits said conduct if it is likely to deceive members of the public.

92.    Defendants' marketing, labeling, and advertising of the Product, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct. As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute a fraudulent business practice in violation of California Business & Professions Code § 17200 because they are likely to, and did indeed, deceive members of the public.

93.    Defendants knew or should have known of their fraudulent conduct.

94.    There were reasonable available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have labeled, advertised, and marketed the Product accurately.

95.    All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

96.    Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court requiring Defendants to cease the acts of fraudulent competition alleged herein.  Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

97.  As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Defendants' violation of the fraudulent prong of the UCL because Plaintiff and the Class would not have bought the Product if they had known the truth regarding the standard and optional features and price. Plaintiff and the Class paid an increased price due to the misrepresentations about the Product and the Product did not have the promised quality, effectiveness, or value.

### C.    "Unlawful" Prong

98.  California Business and Professions Code § 17200, *et seq.,* identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable."

99.  Defendants' labeling and marketing of the Product, as alleged in the preceding paragraphs, violates California Civil Code § 1750, *et. seq.,* California Business and Professions Code § 17500, *et. seq.,* and California's vehicular codes about marketing and financing of cars.

100. Defendants' labeling and marketing of the Product, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.  Defendants have violated the "unlawful prong" by violating, the State's FAL (Cal. Bus. & Prof. Code § 17500 *et seq.)* and CLRA (Cal. Civ. Code §1770 *et. seq.*).

101. Defendants knew or should have known of their unlawful conduct.

102. As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code § 17200.

103. There were reasonable available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

104. All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized

course of conduct repeated on thousands of occasions daily.

105.  As a direct and proximate result of these acts, consumers have been and continue to be harmed. Plaintiff and the Class Members have suffered injury and actual out-of-pocket losses as a result of Defendants' violation of the unlawful prong of the UCL because Plaintiff and the Class would not have bought the Product if they had known the truth regarding pricing and optional features of the Product. Plaintiff and the Class paid an increased price due to the misrepresentations about the Product and the Product did not have the promised quality, effectiveness, or value.

106.  Pursuant to Bus. & Prof. Code §§ 17203 and 17535, Plaintiff and the Class are therefore entitled to an order requiring Defendants to cease the acts of unfair competition alleged herein, full restitution of all monies paid to Defendants as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.  This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

B.  For an order declaring the Defendants' conduct violates the statutes referenced herein;

C.  That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D.  That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses;

E.      For an order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

F.      That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendants' ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G.      That the Court awards pre-judgment and post-judgment interest at the legal rate;

H.      That the Court orders appropriate declaratory relief; and

I.      That the Court grants such other and further as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:      January 2, 2023      **DOGRA LAW GROUP PC**

By: _____

SHALINI DOGRA, ESQ.
Attorney for Plaintiff
KIMBERLY AUSSIEKER

CLASS ACTION COMPLAINT